**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, 1030 15th Street NW, B255 Washington, DC 20005, | ) ) ) ) ) | |
| | *Plaintiff,* ) | |
| v. | ) ) | Case No. 1:26-cv-2212 |
| U.S. DEPARTMENT OF JUSTICE, 950 Pennsylvania Ave. NW Washington, D.C. 20530, | ) ) ) ) | |
| | *Defendant.* ) ) | |

## **COMPLAINT**

*Introduction*

1.     American Oversight brings this action following President Donald Trump's nomination of Acting Attorney General Todd Blanche to be the next Attorney General of the United States.

2.     Mr. Blanche previously served as a personal criminal defense attorney to President Trump in two federal felony cases led by former Special Counsel Jack Smith.

3.     Mr. Blanche was also President Trump's lead defense attorney in the 2024 criminal trial in New York arising out of payments made by another Trump attorney to Stormy Daniels, which ended in a conviction on 34 felony counts.

4.     Prior to being named Acting Attorney General, Mr. Blanche served as Deputy Attorney General in the Department of Justice (DOJ).

5.     In his role as Deputy Attorney General, Mr. Blanche oversaw the process of

reviewing and redacting files regarding the criminal activities of Jeffrey Epstein and his associates (Epstein Files).

6.      According to former Attorney General Pamela Bondi testifying before the U.S. House of Representatives, Mr. Blanche had a direct, day-to-day supervisory role over the Epstein Files and related matters, including the release of the Epstein Files. *See* Committee on Oversight & Government Reform, U.S. House of Representatives, *Interview of: Pamela J. Bondi*, May 29, 2026, at 39:17–22, https://oversight.house.gov/wp-content/uploads/2026/06/Final-Bondi-Transcript.pdf#&_intcmp=fnc_politics_article_main-content_article-body_6_2.

7.      According to reports, the Epstein Files review reached an "urgent and chaotic" pitch in the spring of 2025. *See, e.g.*, Katherine Faulders, et al., *DOJ, Pressured by Trump Supporters, Pushes FBI to Release More Epstein Files: Sources*, ABC News, Mar. 20, 2025, https://abc7chicago.com/post/jeffrey-epstein-doj-pressured-trump-supporters-pushes-fbi-release-more-files-sources/16057882/.

8.      President Trump's name appears thousands of times in the Epstein Files.

9.      Recent reporting by the New York Times describes a July 2025 meeting of approximately a dozen senior administration officials in the White House's Situation Room (Situation Room Meeting). *See* Maggie Haberman & Jonathan Swan, *Inside the White House Freakout Over the Epstein Files*, N.Y. Times, Jun. 10, 2026, https://www.nytimes.com/2026/06/10/magazine/trump-epstein-files-white-house-vance-doj.html.

10.     In the Situation Room Meeting, Mr. Blanche reportedly suggested various strategies for navigating the public backlash mounting over the administration's handling of the Epstein Files. *See id.*

11.     In line with one of the strategies Mr. Blanche reportedly proposed in the Situation

Room Meeting, *see id.*, he interviewed Ghislaine Maxwell, an associate of Jeffrey Epstein.

12. Ghislaine Maxwell was previously convicted of child sex trafficking charges and was serving a 20-year prison sentence.

13. Following Mr. Blanche's interview of Maxwell, she was transferred to a minimum-security federal prison in Texas.

14. Mr. Blanche's involvement in matters regarding the Epstein Files have raised questions about his ability to effectively and impartially serve within the DOJ, given past work in his personal capacity for his former client, the President.

15. The government's review and release of the Epstein Files have been and continue to be matters of widespread and exceptional media interest in which there exist significant questions about the government's integrity that affect public confidence.

16. Given Mr. Blanche's nomination to be Attorney General, his involvement in the review and release of the Epstein Files is currently a matter of widespread and exceptional media interest in which there exists significant questions about the government's integrity that affect public confidence.

17. Mr. Blanche also reportedly boasted about firings and departures of multiple DOJ personnel who worked on the investigations or prosecutions led by former Special Counsel Jack Smith. *See, e.g.*, Rebecca Beitsch, *Blanche Boasts of Having 'Cleaned House' at DOJ, FBI Following Trump Prosecutions*, The Hill (Mar. 26, 2026, 1:19 PM), https://thehill.com/homenews/administration/5802553-todd-blanche-cpac-doj-fbi-firings/.

18. In his February 2025 confirmation hearing for the role of Deputy Attorney General, Mr. Blanche testified that he would not support the release of Special Counsel Jack Smith's full report regarding President Trump's handling of classified records (the Smith Report).

19. Mr. Blanche's prior work as President Trump's personal defense counsel in the prosecutions led by Special Counsel Jack Smith and Mr. Blanche's subsequent involvement in clearing DOJ's ranks of those who worked on the Special Counsel investigations have raised questions about his ability to effectively and impartially serve within the DOJ, given past work in his personal capacity for his former client, the President.

20. The government's handling of the Smith Report has been and continues to be a matter of widespread and exceptional media interest in which there exists significant questions about the government's integrity that affect public confidence.

21. Given Mr. Blanche's nomination to be Attorney General and his previous representation of President Trump in prosecutions brought by Special Counsel Jack Smith, Mr. Blanche's involvement, if any, in the government's treatment of the Smith Report is a matter of widespread and exceptional media interest in which there exists significant questions about the government's integrity that affect public confidence

22. Mr. Blanche's nomination for Attorney General has generated widespread, exceptional, and ongoing media coverage.

23. On June 12, 2026, American Oversight submitted two requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking expedited release of records with the potential to shed light on Mr. Blanche's work in his official capacity regarding the Epstein Files and Smith Report.

24. The Senate Judiciary Committee has scheduled Mr. Blanche's confirmation hearing for July 15 and 16, 2026.

25. Mr. Blanche's upcoming confirmation hearing and the Senate's upcoming confirmation vote create an urgency to inform the public about Mr. Blanche's work in his official

capacity surrounding the government's review and release of the Epstein Files.

26.    Mr. Blanche's upcoming confirmation hearing and the Senate's confirmation vote create an urgency to inform the public about Mr. Blanche's work in his official capacity surrounding the government's treatment of the Smith Report.

27.    The importance of the requested records will greatly diminish after Mr. Blanche's confirmation hearing concludes.

28.    In light of the urgent need to inform the public concerning Mr. Blanche's background and qualifications for the role of Attorney General, including his work at DOJ, American Oversight brings this lawsuit to challenge the government's denial of American Oversight's request for expedited processing within the timeframe set by FOIA.

## JURISDICTION AND VENUE

29.    This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), 552(a)(6)(E)(iii) and 28 U.S.C. §§ 1331, 2201, and 2202.

30.    Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

31.    Defendant wrongfully denied American Oversight's proper requests for expedited processing.

32.    American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. §§ 552(a)(6)(C)(i), 552(a)(6)(E)(iii) and is now entitled to judicial action enjoining Defendant from continuing to deny expedited processing, withhold department or agency records, and ordering the production of department or agency records improperly withheld.

## PARTIES

33.    Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3)

organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information gathered, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

34. Defendant U.S. Department of Justice (DOJ) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1).

35. DOJ has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

36. On June 12, 2026, American Oversight submitted two FOIA requests to DOJ seeking expedited processing and release of records regarding Todd Blanche, President Trump's nominee for Attorney General.

### *Epstein Review Request*

37. On June 12, 2026, American Oversight submitted a FOIA request to DOJ ("Epstein Review Request"), bearing American Oversight tracking number DOJ-26-1352, seeking the following records:

1. All email communications (including emails, email attachments, complete email chains, and calendar invitations) <u>sent or received</u> by Todd Blanche <u>and</u> containing both a key term from Column A and a key term from Column B.

   <u>Key Terms</u>:
   | Column A | | Column B |
   |---|---|---|
   | | i. | review* |

6

    a. Epstein
    b. Maxwell

        ii. redact*
      iii. Trump
      iv. DJT
       v. POTUS
      vi. exemption*
    vii. "DOE 174"
  viii. DOE174
     ix. "DOE-174"
       x. transfer*
     xi. "Bureau of Prisons"
    xii. BOP
  xiii. "limited immunity"
  xiv. "FCI Tallahassee"
   xv. "FPC Bryan"

. . . .

2. All text messages and messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, Microsoft Teams messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL or any app that can interface with an app such as those listed or otherwise borrow its technology) <u>sent or received</u> by Todd Blanche <u>and</u> containing the term "Epstein".

. . . .

**For both parts of this request, please provide all responsive records from March 10, 2025, through May 7, 2025.**

38. A true and correct copy of the Epstein Review Request is attached as Exhibit A, and American Oversight incorporates Exhibit A by reference as though stated fully herein.

39. Concurrent with its submission of the Epstein Review Request, American Oversight requested that DOJ expedite processing of the Epstein Review Request. *See* Ex. A.

40. In its request for expedited processing, American Oversight demonstrated a

7

compelling need for the records sought in the Epstein Review Request. *See id.*

41.     In its request for expedited processing, American Oversight cited to multiple current media stories demonstrating the widespread, exceptional media interest surrounding Todd Blanche's work history regarding the Epstein Files. *See id.*

42.     In its request for expedited processing, American Oversight cited to multiple current media stories demonstrating the widespread, exceptional media interest surrounding Todd Blanche's nomination to be Attorney General. *See id.*

43.     In its request for expedited processing, American Oversight explained that Mr. Blanche's work history regarding the Epstein Files raises significant questions about the government's integrity that affect public confidence. *See id.*

44.     In its request for expedited processing, American Oversight explained that the requested records were urgently needed to inform the public discourse about actual or alleged Federal government activity, including Mr. Blanche's work history regarding the Epstein Files. *See id.*

45.     In its request for expedited processing, American Oversight pointed to Mr. Blanche's expected confirmation hearing as creating the urgency for the release of records requested in the Epstein Review Request. *See id.*

46.     In its request for expedited processing, American Oversight demonstrated that it is primarily engaged in disseminating information. *See id.*

47.     On June 22, 2026, DOJ sent American Oversight a letter acknowledging receipt of the Epstein Review Request, a true and correct copy of which is attached as Exhibit B and incorporated by reference as though stated fully herein.

48.     In its acknowledgment letter, DOJ assigned the Epstein Review Request tracking

number FOIA-2026-03602 and denied American Oversight's request for expedited processing.

*See* Ex. B.

49.    As of time of this filing, DOJ has not communicated further with American

Oversight regarding its request for expedited processing of the Epstein Review Request.

50.    DOJ's denial of American Oversight's request for expedited processing of the

Epstein Review Request is subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii).

*Smith Report Request*

51.    On June 12, 2026, American Oversight submitted a FOIA request to DOJ ("Smith

Report Request"), bearing American Oversight tracking number DOJ-26-1353, seeking the

following records:

1.  All email communications (including emails, email attachments,
    complete email chains, and calendar invitations) <u>sent or received</u>
    by Todd Blanche <u>and</u> containing both a key term from Column A
    and a key term from Column B.

    <u>Key Terms</u>:

    | Column A | | Column B |
    |---|---|---|
    | c.  Smith | | |
    | d.  "special counsel" | xvi.  | "volume II" |
    | e.  Lago | xvii.  | "vol II" |
    | f.  classified | xviii.  | "vol. II" |
    | g.  mishandle | xix.  | "volume 2" |
    | h.  mishandled | | |
    | i.  mishandling | xx.  | "vol 2" |
    | j.  records | xxi.  | "vol. 2" |
    | k.  documents | | |
    | l.  Cannon | | |
    | m.  publish* | | |
    | n.  releas* | | |
    | o.  MAL | | |

    . . . .

2.  All text messages and messages on messaging platforms (such
    as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X

9

(formerly Twitter) direct messages, Facebook messages, Microsoft Teams messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology) <u>sent or received</u> by Todd Blanche <u>and</u> containing any of the key terms listed below.

<u>Key Terms</u>:
A. "Jack Smith"
B. Cannon
C. "volume II"
D. "vol II"
E. "vol. II"
F. "volume 2"
G. "vol 2"
H. "vol. 2"

. . . .

**For both parts of this request, please provide all responsive records from December 1, 2025, through December 31, 2025, <u>and</u> from January 23, 2026, through February 23, 2026, <u>and</u> from April 2, 2026, through May 2, 2026.**

52.    A true and correct copy of the Smith Report Request is attached as Exhibit C, and American Oversight incorporates Exhibit C by reference as though stated fully herein.

53.    Concurrent with its submission of the Smith Report Request, American Oversight requested that DOJ expedite processing of the Smith Report Request. *See* Ex. C.

54.    In its request for expedited processing, American Oversight demonstrated a compelling need for the records sought in the Smith Report Request. *See id.*

55.    In its request for expedited processing, American Oversight cited to multiple current media stories demonstrating the widespread, exceptional media interest surrounding Todd Blanche's work history regarding the Smith Report. *See id.*

56.    In its request for expedited processing, American Oversight cited to multiple current media stories demonstrating the widespread, exceptional media interest surrounding Todd

Blanche's nomination to be Attorney General. *See id.*

57.     In its request for expedited processing, American Oversight explained that Mr. Blanche's work history regarding the Smith Report raises significant questions about the government's integrity that affect public confidence. *See id.*

58.     In its request for expedited processing, American Oversight explained that the requested records were urgently needed to inform the public discourse about actual or alleged Federal government activity, including Mr. Blanche's work history regarding the Smith Report. *See id.*

59.     In its request for expedited processing, American Oversight pointed to Mr. Blanche's expected confirmation hearing as creating the urgency for the release of records requested in the Smith Report Request. *See id.*

60.     In its request for expedited processing, American Oversight demonstrated that it is primarily engaged in disseminating information. *See id.*

61.     On June 22, 2026, DOJ sent American Oversight a letter acknowledging receipt of the Smith Report Request, a true and correct copy of which is attached as Exhibit D and incorporated by reference as though stated fully herein.

62.     In its acknowledgment letter, DOJ assigned the Smith Report Request tracking number FOIA-2026-03603 and denied American Oversight's request for expedited processing. *See* Ex. D.

63.     As of time of this filing, DOJ has not communicated further with American Oversight regarding its request for expedited processing of the Smith Report Request.

64.     DOJ's denial of American Oversight's request for expedited processing of the Smith Report Request is subject to judicial review. 5 U.S.C. § 552(a)(6)(E)(iii).

11

*Exhaustion of Administrative Remedies*

65.    DOJ denied American Oversight's proper requests for expedited processing of the Epstein Review Request and the Smith Report Request.

66.    DOJ's denial of American Oversight's requests for expedited processing of the Epstein Review Request and the Smith Report Request violate FOIA.

67.    As of the time of this filing, Defendant has not issued notices of final determinations, produced the requested records, or demonstrated that the requested records are lawfully exempt from production.

68.    Under 5 U.S.C. § 552(a)(6)(E)(iii), American Oversight is entitled to immediate judicial review with respect to DOJ's denial of its requests for expedited processing of the Epstein Review Request and the Smith Report Request.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Denial of Expedited Processing

69.    American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

70.    American Oversight properly requested records within the possession, custody, and control of Defendant on an expedited basis.

71.    Defendant is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

72.    The records American Oversight has requested are urgently needed to inform the public about government activities of extraordinary public importance, and American Oversight is primarily engaged in disseminating information to the general public.

73.     Therefore, American Oversight's requests justify expedited processing under FOIA and agency regulations.

74.     American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendant to grant expedited processing of American Oversight's FOIA requests.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendant to grant Plaintiff's request for expedited processing of the FOIA requests identified in this Complaint;

(2) Order Defendant to process Plaintiff's FOIA requests on an expedited basis by providing Plaintiff with a determination and production of non-exempt portions of the requested records no later than July 14, 2026, or another date that the Court deems reasonable;

(3) Award American Oversight the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant American Oversight such other relief as the Court deems just and proper.

Dated: June 23, 2026                    Respectfully submitted,

                                        */s/ Benjamin A. Sparks*
                                        Benjamin A. Sparks
                                        D.C. Bar No. 90020649
                                        AMERICAN OVERSIGHT
                                        1030 15th Street NW, B255
                                        Washington, DC 20005
                                        (202) 873-1741
                                        ben.sparks@americanoversight.org

                                        *Counsel for Plaintiff*

13